# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL NO.** |
| ) | |
| v. ) | **VIOLATIONS:** |
| ) | |
| **CHRISTOPHER RICHARDSON,** ) | **Count 1:** 18 U.S.C. § 1519 |
| **AKA, "HENRY BASS",** ) | (Making a False Entry in a Record) |
| ) | |
| **Defendant.** ) | **Count 2:** 18 U.S.C. § 1029(a)(2) |
| ) | (Use of an Unauthorized Access Device) |

## INFORMATION

The United States charges:

### COUNT 1
### (Making a False Entry in a Record)

1. On or about April 26, 2020, in the District of Columbia and elsewhere, defendant CHRISTOPHER RICHARDSON, with intent to impede, obstruct, influence, and in relation to and contemplation of the investigation and proper administration of a matter within the jurisdiction of a departments and agency of the United States, knowingly concealed, covered up, falsified, and made a false entry in records, documents, and intangible objects; to wit, RICHARDSON submitted and caused to be submitted a report to the Federal Elections Commission claiming that his independent expenditure-only political action committee Americans for Progressive Action USA ("AFPA") made expenditures on advertising for multiple United States Senate races, when, in fact, as RICHARDSON well knew, AFPA had not made any such expenditures.

(In violation of Title 18, United States Code, Section 1519)

## COUNT 2
### (Using an Unauthorized Access Device)

2. Between in or about August 2021 and March 2022, in the District of Columbia and elsewhere, defendant CHRISTOPHER RICHARDSON, knowingly and with intent to defraud, used an unauthorized access device, to wit, an American Express credit card, and by such conduct, within a one-year period, obtained over $1,000 in purchases, said use affecting interstate commerce.

(In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(a)(i))

## FORFEITURE ALLEGATION

3. Upon conviction of Count 2 in violation of Title 18, United States Code, Section 1029(a)(2), CHRISTOPHER RICHARDSON shall forfeit to the United States of America –

    a. pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation;

    b. pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c))

DATED: February __, 2024

_/s/ Matthew M. Graves/jph_
MATTHEW M. GRAVES
United States Attorney

Joshua Gold
Assistant United States Attorney
Tx Bar Number 24103101
601 D St. NW
Washington, D.C. 20530
Office: 202-815-8965
Joshua.Gold@usdoj.gov

_/s/ Corey Amundson_
COREY AMUNDSON
Chief, Public Integrity Section

Ryan R. Crosswell
Trial Attorney
N.C. Bar # 36700
1301 New York Ave. NW
Washington, D.C. 20005
Office: 202-616-5699
Ryan.R.Crosswell@usdoj.gov